IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RYAN SCHELLHORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-00988-CV-W-WBG |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending is Plaintiff Ryan Schellhorn's Verified Petition for Award of Attorney Fees. Doc. 20. For the following reasons, the petition is **GRANTED IN PART** and **DENIED IN PART**.

### I.  BACKGROUND

In 2015, Plaintiff applied for Social Security disability insurance benefits. R. at 155-56. After his application was denied, he requested a hearing before an administrative law judge ("ALJ"). R. at 104-09. After conducting a hearing, the ALJ issued a decision finding Plaintiff was not disabled. *Id*. at 22-41, 44-95. Plaintiff unsuccessfully appealed to the Social Security Administration's ("SSA") Appeals Council. R. at 1-7, 150-51.

In December 2018, Plaintiff appealed to this Court. Doc. 1. In January 2020, the Court reversed the SSA Commissioner's final decision and remanded the matter to the SSA for further proceedings. Doc. 17. After the Court's judgment was entered, Plaintiff did not seek attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Upon remand to the SSA, a hearing was held before an ALJ. *See* Doc. 20 at 2. In October 2021, the ALJ issued a favorable decision, and Plaintiff was awarded past due disability insurance benefits. *Id*. The SSA set aside $52,618.00 of Plaintiff's past due benefits for payment of

attorney's fees. Doc. 20 at 2. Pursuant to 42 U.S.C. § 406(a), the SSA awarded $14,387.00 to counsel for fees associated with representing Plaintiff before the SSA. *See* Doc. 20-1. Of the amount of past due benefits set aside for attorney's fees, $38,118.00 remains. *Id*.

Pursuant to 42 U.S.C. § 406(b), Plaintiff asks this Court to award $38,118.00 in fees for counsel's work performed in this Court. Doc. 20. In response to Plaintiff's motion, Defendant suggests the Court award less fees because the total hours billed by Plaintiff's counsel "vastly exceeds" the amount of time spent in similar matters in this Court. Doc. 26 at 2-7. In his reply, Plaintiff posits the requested fees are reasonable given the "extraordinarily complex medical history relevant to this appeal"; counsel's reputation, experience, and ability; Plaintiff's execution of a contingency fee agreement; and the requested fees are less than what would have been charged if billed on an hourly basis. Doc. 27 at 2-7.

## II. LEGAL STANDARD

There are two mechanisms for seeking attorney's fees for litigating Social Security appeals in this Court: 28 U.S.C. § 2412 and 42 U.S.C. § 406(b). In the pending motion, Plaintiff requests fees pursuant to 42 U.S.C. § 406(b). However, because Plaintiff's counsel did not seek fees under 28 U.S.C. § 2412, both statutes must be discussed.

### A. 28 U.S.C. § 2412

Pursuant to 28 U.S.C. § 2412, or the Equal Access to Justice Act ("EAJA"), a prevailing party may seek attorney's fees in a civil action against the federal government. Within thirty days of final judgment, the prevailing party must apply for fees and other expenses. 28 U.S.C. § 2412(d)(1)(B). "[A] court may award reasonable fees and expenses of attorneys," and "[t]he United States shall be liable for such fees and expenses . . . ." *Id*. § 2412(b).

B. **42 U.S.C. § 406(b)**

Under 42 U.S.C. § 406(b) of the Social Security Act, an attorney may recover fees for work performed in a Social Security appeal litigated in this Court. 42 U.S.C. § 406(b)(1)(A). "[T]he court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." *Id*. The twenty-five percent statutory maximum is not an automatic entitlement, and the court must ensure the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).

When determining reasonableness, courts consider the fee agreement itself, the character of the representation, results achieved, whether the benefits achieved were large in comparison to the time expended by counsel, whether counsel was responsible for delay, the quality of representation, and the attorney's normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808; *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08). Any fees awarded pursuant to section 406(b) are "out of, and not in addition to, the amount of such past-due benefits . . . ." 42 U.S.C. 406(b)(1)(A).

C. **Seeking and Receiving Fees Under Both Statutes**

Fees may be sought and received under both the EAJA and section 406(b). *Gisbrecht*, 535 U.S. at 796. Fees awarded under the EAJA are paid by the Social Security Administration, while fees awarded under 42 U.S.C. § 406(b) are paid from the claimant's past-due benefits. *See Rathe v. Soc. Sec. Admin.*, No. 4:08CV3011, 2009 WL 2058526 at *2 (D. Neb. July 8, 2009) (citation omitted). If Plaintiff's counsel does not seek fees under the EAJA but later petitions for fees under section 406(b), counsel must justify his or her failure to pursue fees under the EAJA. *See Grohusky v. Kijakazi*, No. 19-00571-CV-C-WJE, 2022 WL 2513363, at *1-2 (W.D. Mo. July 5, 2022). As

this Court has observed, "It would behoove counsel, in the interest of providing the best possible representation of their social security clients, to first attempt to collect their fee award and recover expenses from the United States [under the EAJA] rather than from their client's past-due benefits." *Dowdy v. Bowen*, 636 F. Supp. 591, 594 (W.D. Mo. 1986). If fees are awarded under both the EAJA and section 406(b), counsel must refund the lesser awarded fee amount to his or her client. *Gisbrecht*, 535 U.S. at 796; *Talbott v. Brown*, 832 F.2d 111, 112 (8th Cir. 1987).

### III. DISCUSSION

#### A. Fee Agreement

As an initial matter, Plaintiff executed an agreement to pay Murphy, Taylor, Siemens & Elliott P.C. twenty-five percent of his total past-due benefits. Doc. 20-2. This agreement does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

#### B. Results Obtained and Lack of Delay

The Court notes Plaintiff's counsel ultimately achieved optimal results for his client. He successfully argued for and obtained a reversal and remand from this Court. Upon remand, the SSA found Plaintiff was entitled to past due benefits exceeding $210,000.00.[1] *See* Doc. 27 at 7. As such, the quality of the representation from Murphy, Taylor, Siemens & Elliott P.C. gives the Court no reason to reduce the requested fee amount. Likewise, the record does not suggest any unreasonable delay by Plaintiff's counsel. Thus, the requested fees should not be reduced for the nature of the result obtained or for any delay.

---

[1] With the SSA's representation that $52,618.00 was twenty-five percent of Plaintiff's past due benefits, it appears Plaintiff's total past due benefits were more than $210,000 – i.e., $52,618.00 x 4 = $210,472.00.

## C. Number of Hours and Amount of Fees Requested

Next, the Court must consider the hours spent by Plaintiff's counsel and his staff in litigating this matter. First, the Court measures whether counsel's fee is proportional to the time spent working. To do so, the Court compares the requested fee as though it were an hourly rate divided by 2.8 – meant to represent the statistical likelihood of success – with the normal hourly rate counsel might receive on a non-contingent basis. *See, e.g.*, *Green v. Kijakazi*, No. 21-00397-CV-W-RK, 2023 WL 1928297, at *2-3 (W.D. Mo. Feb. 10, 2023); *Grohusky*, 2022 WL 2513363, at *2.

Here, Plaintiff's counsel claims he and his staff spent 151 hours litigating the matter in this Court. Doc. 27 at 2; *see also* Doc. 25. Dividing the total requested fees by the number of hours worked, the hourly rate is approximately $252.00 ($38,118 ÷ 151 = 252.44). If that hourly rate is then divided by 2.8 to account for the likelihood of success, the equivalent hourly rate is $90.16. When considering the fee amount requested and the total hours worked by counsel and his staff, the equivalent hourly rate requested here is not excessive. But the hourly rate calculation depends on the total number of hours spent litigating the matter. In other words, the more hours claimed reduces the effective hourly rate.

The Court also considers, *inter alia*, the time expended by counsel and the character of the representation. *Gisbrecht*, 535 U.S. at 808; *Jones*, 699 F. App'x at 588. Defendant expresses concern that the time spent by Plaintiff's counsel and his staff (151 hours) is disproportionate with other SSA appeals. *See* Doc. 26 at 3. Over the last three years, judges in this Court have issued at least sixteen decisions related to attorney's fees sought pursuant to 42 U.S.C. § 406(b):

- *McKinney v. Kijakazi*, No. 19-00503-CV-W-WBG, 2023 WL 5250954, at *3 (W.D. Mo. Aug. 15, 2023) (awarding $12,793.50 for 37.6 hours);

5

- *Nowlin v. Kijakazi*, No. 19-04104-CV-C-WBG, 2023 WL 4162273, at *2 (W.D. Mo. June 23, 2023) (awarding $19,008.22 for 27.8 hours);

- *Green v. Acting Comm'r of Soc. Sec.*, No. 21-00397-CV-W-RK, 2023 WL 1928297, at *3 (W.D. Mo. Feb. 10, 2023) (awarding $13,190.50 for 22.2 hours);

- *Shay v. Comm'r, Soc. Sec. Admin.*, No. 18-00970-CV-W-RK, 2023 WL 1870906, at *2 (W.D. Mo. Feb. 9, 2023) (awarding $14,280.00 for 25.5 hours);

- *Martinette v. Comm'r, Soc. Sec. Admin.*, No. 18-00533-CV-W-RK, 2022 WL 2252755, at *2 (W.D. Mo. June 22, 2022) (awarding $16,030.50 for 37.15 hours)[2];

- *Grohusky v. Kijakazi*, No. 19-00571-CV-W-WJE, 2022 WL 2513363, at *2-3 (W.D. Mo. July 5, 2022) (awarding $12,489.68 for 21.1 hours);

- *Strutton v. Kijakazi*, No. 19-00672-CV-W-LMC, 2022 WL 2132207, at *2 (W.D. Mo. May 17, 2022) (awarding $12,710.00 for 51.7 hours);

- *Hansen v. Kijakazi*, No. 20-00063-CV-W-WJE, 2022 WL 892926, at *2 (W.D. Mo. Mar. 25, 2022) (awarding $20,400.85 for 35.5 hours);

- *Howell v. Kijakazi*, No. 20-03025-CV-S-WBG, 2022 WL 386028, at *2 (W.D. Mo. Feb. 8, 2022) (awarding $16,342.50 for 30.0 hours);

- *Adamson v. Comm'r of Soc. Sec.*, No. 18-03196-CV-S-RK, 2021 WL 4896550, at *3-4 (W.D. Mo. Oct. 20, 2021) (awarding $14,896.00 for 26.6 hours);

- *Gayer v. Kijakazi*, No. 19-03302-CV-S-DGK, 2021 WL 4710817, at *1-2 (W.D. Mo. Oct. 8, 2021) (awarding $11,500.00 for 23.0 hours);

- *Tipton v. Kijakazi*, No. 19-03241-CV-S-LMC, 2021 WL 10395936, at *2 (W.D. Mo. Aug. 6, 2021) (awarding $24,816.25 for 86.95 hours spent on "two separate cases in front of this Court.");

- *McCall v. Saul*, No. 17-04005-CV-C-WJE, 2021 WL 1579915, at *2 (W.D. Mo. Apr. 21, 2021) (awarding $20,917.25 for 95.0 hours);

- *Hall v. Saul*, No. 16-04188-CV-C-LMC, 2021 WL 5532692, at *2 (W.D. Mo. Mar. 1, 2021) (awarding $9,600.00 for 28.5 hours);

- *Gooden v. Saul*, No. 17-05012-CV-SW-LMC, 2021 WL 1098486, at *2 (W.D. Mo. Feb. 26, 2021) (awarding $7,045.63 for 25.35 hours); and

---

[2] The Court's decision did not indicate counsel's hours, but Plaintiff's motion represented counsel spent 37.15 hours. *Martinette*, No. 18-00533-CV-W-RK (Doc. 22 at 5).

- *Nida v. Saul*, No. 17-06149-CV-SJ-SWH, 2020 WL 5648206, at *2 (W.D. Mo. Sept. 22, 2020) (awarding $11,100.00 for 40.6 hours).

In the foregoing cases, attorneys reported anywhere from 21.1 to 95.0 hours litigating SSA appeals in this Court. On average, attorneys spent slightly more than thirty-six hours per case.[3]

In the aforementioned matters, the fees awarded for litigating a single SSA appeal ranged from $7,045.63 to $20,917.25.[4] On average, the Court awarded roughly $14,000.00 in fees per appeal. When dividing each fee award by the number of hours expended in the matter, the effective hourly rate spanned from approximately $220.00 to almost $639.00. However, the average effective hourly rate for the cases cited above was around $437.00.[5]

Plaintiff's counsel and his staff spent more than four times the average number of hours to litigate the SSA appeal in this Court. Counsel and staff also spent 56 more hours than the largest number of hours claimed in an SSA over the past three years in the above-referenced cases. The Court recognizes each appeal is unique, and some appeals are more complicated than others. That said, the time spent by an attorney must correlate with the character of the representation. *Gisbrecht*, 535 U.S. at 808; *Jones*, 699 F. App'x at 588.

Plaintiff's counsel maintains this appeal involved an "extraordinarily complex medical history." Doc. 27 at 2-7. As with many SSA appeals in this Court, the administrative record was slightly more than 800 with roughly 500 of those pages being medical records. Doc. 3. The record is similar in size to other SSA appeals in this Court. In the appeal, Plaintiff raised three arguments – the ALJ improperly ignored a medical opinion, failed to consider a combination of certain

---

[3] This average is slightly less than the Eighth Circuit's observation of a reasonable amount of time in these matters. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (noting 46.05 hours litigating an SSA appeal was reasonable where 69.7 hours were originally requested).

[4] The largest fee award was $24,816.25, but that amount was awarded for litigating two matters. *Tipton*, 2021 WL 10395936, at *2.

[5] This calculation does not account for any proportionality analysis – i.e., dividing the hourly rate by 2.8 to represent the statistical likelihood of success – as discussed earlier in this Order.

impairments, and did not include certain limitations in hypothetical questions posed to a vocational expert. Doc. 8 at 11-17. These arguments are not atypical of issues raised in other SSA appeals. Plaintiff's opening brief was 19 total pages, but four of those pages were for the cover page, table of contents and table of authorities. Doc. 8. The length of the opening brief was very similar to other briefs submitted to this Court in Social Security appeals. For these reasons and based on its review of the record, the Court does not find this matter was substantially more complex than typical Social Security appeals in this district.

Turning to Plaintiff's counsel's itemization of time worked on this matter, the Court has some concerns. For example, counsel recorded nearly sixteen hours drafting the complaint. Doc. 25 at 1. But the complaint is less than four pages. *See* Doc. 1. And most of the information in the complaint is found in the ALJ's decision (Doc. 3-3 at 26-38) and Plaintiff's counsel's brief to the Appeals Council (Doc. 3-7 at 92-96). The Court also notes some entries reveal attorney time was not effectively and/or efficiently utilized – e.g., more than seven hours preparing for the appeal to this Court before beginning to draft the complaint; two hours printing and organizing documents for the oral argument[6]; eight hours preparing exhibits for the oral argument; nearly 70 hours spent on both briefs; more than one hour reviewing a five-page hearing transcript (Doc. 19); and numerous inter-office conferences with staff members. *See* Doc. 25.

When considering the legal and factual issues in this matter, the Court finds the number of hours spent litigating this appeal is unreasonable. The Court is mindful of Plaintiff's medical issues and impairments, counsel's experience, and optimal result obtained for Plaintiff. The Court also notes the issues raised on appeal, the length of the record, the arguments presented, and the

---

[6] Throughout the time records, counsel refers to a "trial." *See* Doc. 25. Because this matter was an appeal from an administrative agency, there was no trial. Instead, the Court held oral arguments on the parties' briefs. Docs. 16, 19.

8

Case 4:18-cv-00988-WBG   Document 29   Filed 10/17/23   Page 8 of 12

parties' briefing. And the Court is cognizant of how much time is spent on SSA appeals in this Court. Based on the foregoing factors, the Court concludes in its discretion that counsel should have (and could have) litigated this matter in less than 60 attorney hours. Although the number of hours are reduced to 60 hours, this figure remains significantly higher than the average number of hours claimed in the Social Security appeals noted above.

**D.      Impact of Counsel's Failure to Pursue Fees Under the EAJA**

When the Court reversed the ALJ's decision and remanded the matter to the SSA, counsel could have – but did not – pursue Plaintiff's entitlement to reimbursement of fees and expenses under the EAJA. 28 U.S.C. § 2412(d)(1)(B). Where a claimant prevails in an SSA appeal, several courts, including this one, have held counsel must pursue fees under the EAJA before seeking fees under section 406(b), or counsel must justify his or her failure to pursue fees under the EAJA. *See Grohusky*, 2022 WL 2513363, at *1-2; *Floyd v. Colvin*, No. 15-CV-02551-TMP, 2019 WL 2571264, at *3 (W.D. Tenn. June 21, 2019); *Shepherd v. Apfel*, 981 F. Supp. 1188, 1192-93 (S.D. Iowa 1997); *Iliceto v. Sec'y of Dep't of Health & Hum. Servs.*, No. CV-83-2160, 1990 WL 186254, at *1-2 (E.D.N.Y. Nov. 14, 1990).

An attorney's failure to seek fees under the EAJA "clearly affects both the quality, of his representation and the end result, as Plaintiff's past-due benefits are necessarily diminished." *Shepherd*, 981 F. Supp. at 1192. This is because fees awarded under the EAJA are paid by the SSA, and fees awarded under section 406(b) are paid from the plaintiff's past due benefits. *Gisbrecht*, 535 U.S. at 796. If counsel fails to apply for fees under the EAJA, an "inherent conflict" is created between counsel and the client. *Floyd*, 2019 WL 2571264, at *3; *see also Defiore v. Comm'r of Soc. Sec.*, No. 1:18-CV-184, 2020 WL 5703919, at *5-6 (N.D. Ohio Sept. 24, 2020)

(finding counsel's "failure to seek EAJA fees amounts to a certain level of ineffectiveness for which counsel should not be permitted to profit.").

In instances where counsel failed to seek fees under the EAJA, courts have reduced the amount of fees sought pursuant to section 406(b) by the estimated lost EAJA fees. *See e.g.*, *Madigan v. Kijakazi*, No. 19 CIV. 5725 (AEK), 2023 WL 4348524, at *5-6 (S.D.N.Y. July 5, 2023); *Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, 3:19CV00155(SALM), 2022 WL 1115099, at *4 (D. Conn. Apr. 14, 2022); *Defiore*, 2020 WL 5703919, at *5-6; *Sangwin v. Astrue*, No. CIV. 04-5309, 2008 WL 5156317, at *2 (W.D. Ark. Sept. 2, 2008), *report and recommendation adopted as modified*, No. CIV. 04-5309, 2008 WL 5156316 (W.D. Ark. Dec. 8, 2008).[7] By reducing the fees sought pursuant to section 406(b) by the amount counsel could have received under the EAJA, courts remedy any penalty to the plaintiff due to counsel's failure to seek fees under the EAJA. *See Madigan*, 2023 WL 4348524, at *5 ("A successful application for EAJA fees saves the plaintiff money, and if the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error."); *Miller v. Comm'r of Soc. Sec.*, No. 17-12699, 2019 WL 13215555, at *2 (E.D. Mich. Dec. 9, 2019).

Nowhere in the pending motion does Plaintiff's counsel discuss the EAJA. *See* Doc. 20. Consequently, he does not address – much less justify – his failure to apply for an award of fees under the EAJA. Counsel's failure to seek fees under the EAJA directly and adversely impacts his client because the fees counsel now seeks, pursuant to section 406(b), will be paid solely from Plaintiff's past due benefits. The Court finds it would be unreasonable to award the full amount of fees sought under section 406(b) because such an award would penalize Plaintiff. *See Gallo v.*

---

[7] At least one court denied a motion requesting attorney's fees under section 406(b) because counsel failed to seek fees under the EAJA, and the hypothetical EAJA fees exceeded the fees sought under section 406(b). *Harlow v. Astrue*, 610 F. Supp. 2d 1032, 1034 (D. Neb. 2009).

*Astrue*, No. 10-CV-1918, 2011 WL 5409619, at *2-3 (E.D.N.Y. Nov. 8, 2011). Accordingly, the Court will reduce the requested fees by the amount Plaintiff's counsel would have received had he sought fees under the EAJA.

In 1996, the EAJA hourly rate was set at $125.00. 28 U.S.C. § 2412(d)(2)(A). The rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" more than the statutory ceiling. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). There is no evidence before the Court, however, as to any applicable cost of living adjustments that should be made to the EAJA hourly rate. Accordingly, on this record, the Court utilizes the statutory hourly rate. To that end, had counsel and his staff expended 60 hours in this matter, Plaintiff's application for attorney's fees under the EAJA would have sought recovery of an estimated $7,500.00 ($125.00 x 60.0 hours = $7,500.00).

With regard to the pending motion, the Court has considered the fee agreement, the character of the representation, results achieved, whether the benefits achieved were large in comparison to the time expended by counsel, whether counsel was responsible for delay, the quality of representation, and the attorney's normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808. Based on these considerations, the Court finds the requested fee award of $38,118.00 is unreasonable and must be reduced.

Had Plaintiff's counsel worked 60 hours in this matter, as suggested above, the effective hourly rate would be $635.30 ($38,118.00 ÷ 60 hours = $635.30). Plaintiff's counsel has not provided a sufficient basis for this Court to deviate beyond the range of hourly rates recently awarded. Instead, the Court applies the average effective hourly rate awarded in similar fee applications – i.e., $437.00. Multiplying 60 hours by an average hourly rate of $437.00, the Court arrives at $26,220.00. This amount, however, must be reduced by $7,500.00, which is the amount

of fees the Court estimates Plaintiff's counsel would have received had he petitioned the Court for fees under the EAJA. Thus, the Court awards attorney's fees in the amount of $18,720.00 to Plaintiff's counsel.[8]

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Verified Petition for Award of Attorney Fees. Doc. 20. Pursuant to 42 U.S.C. § 406(b), the Court awards attorney's fees in the amount of $18,720.00 to Plaintiff's counsel.

**IT IS SO ORDERED.**

DATE: October 17, 2023

                                                 */s/ W. Brian Gaddy*
                                                 W. BRIAN GADDY
                                                 UNITED STATES MAGISTRATE JUDGE

---

[8] The Court recognizes 14.3 paralegal hours were included on the itemized statement submitted with the fee application. Because the number of attorney hours approved by the Court still exceeds, by a large margin, the average hours submitted in the Social Security appeals cases noted above, the Court does not include hours for paralegal staff in the fee award.